# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **SAFENET, INC.** § § | | |
| § | **CASE NO. 6:15-CV-97-RWS-KNM** | |
| **Plaintiff,** § § | **JURY DEMANDED** | |
| **v.** § § | | |
| **UNILOC USA, INC. & UNILOC** § **LUXEMBOURG, S.A.** § § | | |
| **Defendants.** § § | | |

| | | |
|---|---|---|
| **UNILOC USA, INC. & UNILOC** § **LUXEMBOURG, S.A.** § § | **CASE NO. 6:13-CV-906-RWS-KNM** | |
| **Plaintiffs,** § § | **JURY DEMANDED** | |
| **v.** § § | | |
| **ABB Ltd.,** § § | | |
| **Defendant.** § § | | |

## MEMORANDUM OPINION AND ORDER

In a scheduling conference held on July 8, 2015, for the *SafeNet, Inc. v. Uniloc USA, Inc.* action ("the -97 case"), the Court asked the parties to submit proposals regarding case management and scheduling in the above-captioned cases. On July 15, 2015, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. ("Uniloc Luxembourg") (collectively "Uniloc") and SafeNet, Inc. ("SafeNet") (and the SafeNet-Indemnified Defendants) submitted scheduling proposals as ordered (Doc. Nos. 53 & 54). The Court considers the proposals, the history of

these cases, and other relevant briefing and **ORDERS** the following case management and scheduling procedures for the reasons discussed below.

## BACKGROUND

SafeNet filed the above-captioned declaratory judgment action on February 6, 2015. This declaratory judgment action is one of several cases involving Uniloc. In November 2013, Uniloc sued various customers of SafeNet ("the Customer Suits"), accusing them of infringing U.S. Patent No. 5,579,222 ("the '222 Patent"): Pharsight Corporation, Merrick & Company, PCI Geomatics Group, Inc., PCI Geomatics (USA), Inc., IAR Systems Group AB, IAR Systems Software, Inc., Exchange IT BV d/b/a Card Exchange Solutions, Synopsys, Inc., Micro Focus International PLC, Micro Focus (US), Inc. (collectively "Micro Focus"), Borland Software Corp., Sage Software North America, Sage Group PLC Missler Software (collectively "Sage"), and Missler Software, Inc. (collectively "the SafeNet Customers").[1] Uniloc also sued ABB Ltd., the sole entity in the November 2013 suits that is not a customer of SafeNet.

SafeNet makes software related to encryption and data protection. One of SafeNet's products is license management software known as Sentinel. Sentinel is used by other software and technology providers to assist with enforcing licensing agreements. SafeNet's involvement in the earlier-filed Customer Suits began when it agreed to defend and indemnify the SafeNet Customers.

Additionally, this action relates back to even earlier litigation involving Uniloc, SafeNet, a SafeNet customer, and Sentinel where Uniloc asserted U.S. Patent No. 5,490,216 ("the '216 Patent"). *Uniloc USA, Inc. v. Nat'l Instruments Corp.*, Case No. 6:10-CV-472 (E.D. Tex. Sept. 14, 2010); *Uniloc USA, Inc. v. Engrasp, Inc.*, Case No. 6:10-CV-591 (E.D. Tex. Nov. 8, 2010).

---

[1] SafeNet does not assert that ABB Ltd. is one of its customers. However, the Court consolidated the cases for pretrial issues and designated the ABB case as the lead case for the consolidated issues.

The '216 Patent cases ended when Uniloc and SafeNet entered into a settlement agreement ("Settlement Agreement"), the effect of which is a major dispute in the declaratory judgment action. SafeNet seeks declaratory judgment of noninfringement (Count I), invalidity (Count II), failure to mark (Count III), release (Count IV), breach of contract (Count V), fraud/fraudulent inducement (Count VI), and negligent misrepresentation (Count VII).

## **DISCUSSION**

"This Court has always endeavored to move cases toward an efficient and timely resolution on the merits of the case." *Parallel Networks LLC v. Abercrombie & Fitch*, No. 6:10-CV-111, Doc No. 338 at 5–6 (E.D. Tex. Mar 15, 2011). Generally, the Local Rules and model docket control order are designed with these purposes. *Id.* Setting certain dates for the *Markman* hearing and trial and requiring early disclosures helps to "promptly and economically" facilitate these goals. *Id.*

In the July 30, 2014 scheduling conference for the November 2013 cases ("the -906 cases"), however, the parties proposed, and the Court entered, a "preliminary Docket Control Order." 6:13CV906, Doc. No. 49. The Court believed that doing so facilitated the goals of reaching an efficient and timely resolution on the merits. Uniloc "expressed [a] need to obtain limited discovery, including a review and production of the relevant source code and related materials utilized by each Defendant in implementing the accused technology, namely, the licensing functionality" in order to provide detailed infringement contentions. *Id.* In discussing the necessary discovery, Uniloc's counsel told the Court that "[Uniloc was] envisioning [] something that [was] laser-focused on the issue of understanding the source code, understanding how the source code related to the SafeNet product works or, in the case of ABB, the products that they use work within their software." Hr'g. Tr. at 16:13–17, July 30, 2014. Despite the

Court's expressed concerns about the possibility of the cases languishing without certain dates, with the parties' assurances, the Court entered the preliminary Docket Control Order:

| August 13, 2014 | Plaintiffs will serve preliminary P.R. 3-1 infringement contentions based on publicly available information. Plaintiffs will also serve Interrogatories related to the accused technology in the preliminary P.R. 3-1 infringement contentions. |
|---|---|
| Within 14 days of Defendants' responses to Interrogatories | Plaintiffs will serve 30(b)(6) deposition notices on the Defendants related to the accused technology and Requests for Production related to internal design specifications and/or implementation of the accused technology. |
| Within 30 days of being served with the 30(b)(6) deposition notices and RFPs | Defendants will produce or make available for inspection source code relating to the accused technology (i.e., licensing functionality) and, by this date, will each have completed their production of materials responsive to the Requests for Production. |
| Within 45 days of completing the noticed 30(b)(6) depositions | Plaintiffs will serve Amended Infringement Contentions. |
| Within 30 days of serving Amended Infringement Contentions | The Parties will file a Modified Docket Control Order based on the Court's standard order, incorporating the trial date of March 7, 2016. |

*Id.*

However, instead of moving forward with laser-focused limited discovery, months after entering this limited Docket Control Order, Uniloc filed a Motion to Compel additional discovery from the SafeNet Customers on October 27, 2014. In its Motion to Compel, Uniloc contended that the SafeNet Customers had not produced sufficient discovery to amend its infringement contentions. It sought to take substantially more discovery from each SafeNet Customer despite only charting SafeNet's Sentinel for the "policy server means" limitation of each accused instrumentality in its infringement contentions.[2]

---

[2] According to the prosecution history of the '222 Patent, the "policy server means" distinguishes the patented invention from prior art. Doc. No. 69, Ex. 11 at 7–8 ("In contrast, in the case of the present invention, a single policy server means would function independently of all five applications. For this

Uniloc declined to take the deposition of the offered 30(b)(6) witness, and the case did indeed languish pending the resolution of the discovery dispute. On February 11, 2015, the Court heard argument on the Motion to Compel; Uniloc had not yet served amended infringement contentions. At the hearing, the Court denied Uniloc's Motion to Compel. 6:13CV906, Doc. No. 80 ("Defendants have provided sufficient discovery to enable Plaintiffs to produce more detailed infringement contentions as discussed at the July 30, 2014, Scheduling Conference. Accordingly, Plaintiffs are ORDERED to produce amended infringement contentions based on the discovery already produced according to the Docket Control Order."). Rather than serving more detailed, amended Infringement Contentions in accordance with the Court's Order in a timely manner, Uniloc served supplemental infringement contentions against Sage and Micro Focus on June 18, 2015.[3] Now, more than a year after the Court entered the preliminary Docket Control Order that Uniloc represented would increase the efficiencies of its cases, Uniloc still has not served amended infringement contentions.

A review of the Uniloc's preliminary infringement contentions, combined with Uniloc's representations in the July 2014 scheduling conference and other observations of these cases, makes it clear that the Customer Suits focus on SafeNet without explicitly accusing SafeNet of infringement. Additionally, the Court has given Uniloc ample time to move its cases forward, yet today the Customer Suits stand not much further ahead than year ago.

Meanwhile, SafeNet filed the declaratory judgment action in February 2015 and asserts that it could eliminate or simplify issues in the Customer Suits: (1) if Uniloc is found to have breached the Settlement Agreement by suing the SafeNet Customers; (2) if the Court finds that the Customer Suit claims have been entirely or substantially released; (3) if the Court finds that

---

reason it is submitted that the subject matter of these claims, as well as all dependent claims, is distinct from and patentable over that disclosed in Corbin and elsewhere in the prior art of record.").

[3] These infringement contentions are subject of a Motion to Strike (Doc. No. 85).

Uniloc failed to mark its products; and (4) if Uniloc denies that SafeNet infringes or the Court finds it does not. Doc. No. 37 at 5. Having given Uniloc ample time to advance the Customer Suit litigation, the Court now agrees that resolution of the issues in the declaratory judgment action would eliminate or simplify the issues in the Customer Suits and more efficiently and quickly advance the ultimate resolution of all above-captioned litigation. SafeNet suggests early summary judgment on the issues of Marking and Release. SafeNet contends that Uniloc and its licensees failed to mark their products with the patent number. Additionally, SafeNet contends that Uniloc released its current claims against the SafeNet Customers in the Settlement Agreement that ended the litigation relating to the '216 Patent. Determination of these issues early in the declaratory judgment case could resolve several important issues that will simplify or eliminate issues in the Customer Suits.

Therefore, the Court sets these issues for early summary judgment on January 21, 2016. The Court hereby stays all discovery unrelated to claim construction and invalidity in the consolidated -906 case until the Court holds a consolidated claim construction hearing for both the -906 and -97 cases on March 17, 2016. ABB Ltd. will remain consolidated with the SafeNet Customers through claim construction, and be severed thereafter. Additionally the Court declines to set a staged trial schedule at this time. The Court will hold a scheduling conference after the Claim Construction Hearing to determine the remaining schedule for both the -906 and -97 cases moving forward.

## CONCLUSION

The Court sets a summary judgment hearing on the issues of marking and release in the -97 case for **January 21, 2016**. Further, the Court sets a consolidated Claim Construction hearing for the -906 and -97 cases for **March 17, 2016**. The parties are **ORDERED** to meet and confer

6

and submit a proposed Docket Control Order in accordance with this Order. If the cases are not resolved following the summary judgment and claim construction rulings, the Court intends to hold the -97 case parties to the March 27, 2017 trial date and to set the -906 cases for trial shortly thereafter.

**Oct 5, 2015**

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE